# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **BRENDA K DARNELL** | **CASE NO. 2:19-CV-00890** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GOLDEN NUGGET LAKE CHARLES LLC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Golden Nugget Lake Charles, LLC's Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint" (Rec. 10) wherein the mover seeks to dismiss Plaintiff, Brenda K. Darnell's complaint with prejudice. Golden Nugget Lake Charles, LLC ("Golden Nugget") maintains that Ms. Darnell has failed to state a claim as to her claims of age discrimination, retaliation, a violation of the Occupational Safety and Health Act ("OSHA") and the Family Medical Leave Act ("FMLA"). Golden Nugget argues that Ms. Darnell has failed to exhaust her administrative remedies, and that the OSHA does not grant a private right of action. Golden Nugget argues that Ms. Darnell has failed to allege the necessary requisites to demonstrate that she is entitled to FMLA leave or that Golden Nugget improperly denied such leave. Finally, Golden Nugget argues that Ms. Darnell's allegations, even if true, as to sexual harassment and a hostile work environment must be dismissed for failure to state a claim.

On January 2, 2020, this Court ordered Ms. Darnell to amend her complaint to allege facts she asserted in her opposition to the motion to dismiss that would support her claims.[1] Ms. Darnell has filed an amended complaint,[2] and the Golden Nugget has filed its reply. Thus, the motion to dismiss is ripe for decision.

## FACTUAL ALLEGATIONS

Ms. Darnell alleges the following in her Complaint: On June 13, 2017, Plaintiff Brenda Darnell was employed by Golden Nugget as a part-time dealer. On that day, a meeting was held regarding dealers. Ms. Darnell asked a co-worker about going to a "party-pit;" the co-worker replied, "you're not party-pit material" because "you're too fat and too old and the positions have been filled already."[3]

Ms. Darnell also complains that on August 19, 2017, another co-worker "created a hostile and sexually offensive work environment"[4] by making remarks about Ms. Darnell's butt.[5] Ms. Darnell asked the co-worker to stop making the remarks, but she did not.[6] On that same day, the co-worker "brushed up against plaintiff and would laugh."[7] On September 29, 2017, the same co-worker "got real close and said look at that butt"[8] and on March 30, 2018, the same co-worker commented on Ms. Darnell's butt.[9]

---

[1] Rec. 13.
[2] Rec. 14.
[3] Complaint, ¶ 8, Rec. 1.
[4] Id. ¶ 9.
[5] Id. ¶ 10.
[6] Id. ¶ 11.
[7] Id. ¶ 12.
[8] Id.
[9] Id.

On August 26, 2017, Ms. Darnell was working as a Duel Rate Dealer and was denied three (3) requests within an hour by the pit manager to go to the restroom.[10] Ms. Darnell soiled herself in front of co-workers and customers.[11] Ms. Darnell explains that a few months prior to this event, Managers informed the dealers that bathroom privileges were taken away, and the dealers were not allowed to leave their tables for bathroom breaks.[12]

Ms. Darnell complains that on September 15, 2017, she was denied FMLA because she refused to sign something that contained a clause that said, "I understand that after the above information is disclosed, federal law may not protect it, and the recipient may re-disclose it. I further understand that I am entitled to receive a copy of this authorization."[13]

On March 13, 2018, Ms. Darnell requested time off for eye surgery from a swing shift manager. The shift manager replied that if she took off for surgery, she would be fired.[14] The next day, Ms. Darnell applied for FMLA but it was denied because the doctor was too vague on her conditions and/or failed to provide a full descriptive diagnosis.[15]

Plaintiff sustained an injury at work on February 27, 2018. On March 2, 2018, Ms. Darnell provided restrictions from her doctor to the Pit Manager.[16] The Pit Manager ignored the restrictions; Ms. Darnell "worked on her feet against doctors order for two weeks since management wouldn't abide by the doctors order."[17] Ms. Darnell claims she later found out that her doctor's orders were never received by Human Resources. On

---

[10] Id. ¶ 13.
[11] Id.
[12] Id. ¶ 15.
[13] Id. ¶ 16.
[14] Id. ¶ 17.
[15] Id. ¶ 18.
[16] Id. ¶ 19.
[17] Id. ¶ 20.

March 14, 2018, Human Resources put Plaintiff on worker's compensation.[18] On March 16, 2018, Ms. Darnell was given light duty in the retail department.[19]

From March 16, 2018 until April 26, 2018, Ms. Darnell claims she was harassed and bullied by co-workers. She reported it to management, but nothing was done about it.[20] On April 22, 2018, the Table Games Director told Ms. Darnell that she did not deserve a vacation that had been approved.[21]

Ms. Darnell generally complains that the Golden Nugget's failure to investigate and remedy her complaints created a hostile work environment.[22]

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880

---

[18] Id. ¶ 21.
[19] Id. ¶ 22.
[20] Id. ¶ 23.
[21] Id. ¶ 25.
[22] Id. ¶ 26.

(5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

**LAW AND ANALYSIS**

Golden Nugget seeks to have the Court dismiss all of Ms. Darnell's claims.

*Charge of Discrimination*

Ms. Darnell filed a Charge of Discrimination (the "Charge") with the Louisiana Commission on Human Rights on September 1, 2018.[23] The Charge indicates that Ms. Darnell filed the Charge based on sex and disability. She complains in the Charge that (1) she was subjected to sexual comments by Nakeshia Aaron on March 2, 2018, in violation of Louisiana Revised Statute 23:301 *et seq.* and Title VII of the Civil Rights Act of 1964, and (2) she was placed on Worker's Compensation on March 16, 2018,[24] due to her medical restrictions, and was discriminated against in violation of the Americans with Disability Act. The Charge contains no other particulars or facts.

*Age Discrimination and Retaliation*

Ms. Darnell asserts a claim for age discrimination. On or about June 13, 2017, Ms. Darnell alleges that a meeting was held wherein it was announced that all part-time positions were eliminated except for the party-pit. Mrs. Darnell was a part-time employee (dual rate dealer position) and did not work as a party-pit dealer. Ms. Darnell requested that she remain part-time due to her health issues and because she was hired as a part-time

---

[23] Exhibit 1 attached to Defendant's motion to dismiss, Rec. 10-2.
[24] In the Charge, Ms. Darnell notes that she sustained a work-related injury on February 27, 2018.

employee. The table games director informed Ms. Darnell that she was not party pit material, and further informed her that she was too old and fat and would not fit in the uniforms.

The Golden Nugget argues that to the extent Ms. Darnell's complaint, as amended, asserts claims of age discrimination and retaliation, these claims must be dismissed because Ms. Darnell failed to exhaust her administrative remedies by asserting these claims in her EEOC charge. "To bring a suit under Title VII, the ADA (disability), or the ADEA (age), a complainant must file a charge of discrimination with the EEOC to exhaust his [or her] administrative remedies." *Melgar v. T.B. Butler Publ'g Co., Inc.,* 931 F.3d 375, 378 (5th Cir. 2019); see also *Cormier v. Wal-Mart Stores, Inc.*, 145 F.Supp.3d 666, 667 (W.D. La. 2015); *Carpenter v. Wal-Mart Stores, Inc.,* 614 F.Supp.2d 745, 767 (W.D. La. 2008).

The Court has reviewed the Charge of Discrimination[25] and agrees with Golden Nugget that any claims of age discrimination and/or retaliation were not asserted in the EEOC claim. Accordingly, Ms. Darnell's claims of age discrimination and retaliation will be dismissed for failure to exhaust her administrative remedies.

*OSHA Claims*

Ms. Darnell assert a claim under OSHA for being prohibited from using the bathroom during work. As noted by the Golden Nugget, OSHA dose not provide a private right of action. See *e.g.,* 29 U.S.C. § 653(b)(4); *Jeter v. St. Regis Paper Co.,* 507 F.2d

---

[25] Exhibit 1, attached to Defendant's motion to dismiss, Rec. 10-2.

973 (5th Cir. 1975) (recognizing no private right of action under OSHA). Accordingly, any claim asserted under OSHA will be dismissed with prejudice.

*FMLA Claims*

The FMLA prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing]" employees the right to take leave under its provisions. 29 U.S.C. § 2615(a)(1); *Bryant v. ex. Dep't of Aging & Disability Servs.,* 781 F.3d 764, 770 (5th Cir. 2015) (noting that a plaintiff "must at least show that [the defendant] interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her"). To establish her claim, Mrs. Darnell must assert and prove that "(1) she is an FMLA-eligible employee; (2) the defendant is an employer, as defined in the FMLA; (3) she was entitled to take FMLA leave; (4) she gave notice to her employer of her intention to take leave; and (5) she was denied FMLA benefits to which she was entitled." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

Ms. Darnell alleges that on September 15, 2017, Golden Nugget denied her FMLA leave because she refused to sign the required paperwork.

Ms. Darnell also alleges that in March 2018, the Golden Nugget denied Ms. Darnell FLMA leave allegedly because her doctor failed to provide specific information regarding her medical condition. Ms. Darnell remarks that her doctor refused to give specific conditions of Ms. Darnell's health condition and diagnosis even after calls were made by Golden Nugget's HR representative.

The FMLA permits an employer to require an employee to provide sufficient medical information before the employer grants a request for leave and may request

additional documentation if the employer deems necessary, so long as the employer provides adequate notice to the employee. See 29 C.F.R. § 825.300(d)(1).

In addition, a plaintiff must present evidence to establish that she suffers from "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). "Where an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied." 29 C.F.R. § 825. 302(d).

Mrs. Darnell admits that after she complied with Golden Nugget's procedure for requesting FMLA, her request for leave was granted. Accordingly, Ms. Darnell's claims for a violation of her FMLA rights will be dismissed with prejudice.

*American with Disability Claims*

On February 27, 2018, Ms. Darnell alleges she sustained an injury while at work. She further alleges that on March 2, 2018, she supplied restrictions from her doctor to a Golden Nugget employee, Pit Manager, Doug Lewis. On March 14, 2018, Ms. Darnell spoke with HR representative, Kathie who informed Ms. Darnell that she did not receive any paperwork from the Pit Manager. Ms. Darnell asserts that she was immediately "put [ ] on worker's comp."[26] On March 16, 2018, Ms. Darnell was given light duty in the retail department due to her injury.

---

[26] Doc. 14, p. 6.

Ms. Darnell complains that from March 16, 2018, until April 26, 2018, she was constantly harassed and bullied by several other co-workers which she reported to management. Ms. Darnell asserts that she was told to "go back to Shreveport, you have a target on your back and they hate you,"[27] "you're not hurt get back to work", and Pit Manager, Doug Lewis said, "If your leg is messed up and it's under worker's comp they won't do surgery and they will leave you crippled."[28]

Golden Nugget argues that Ms. Darnell has failed to allege sufficient facts to establish that the Golden Nugget failed to accommodate any purported disability under the ADA. To establish a *prima facie* case of failure to accommodate, Ms. Darnell must prove: (1) she is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by the Golden Nugget; and (3) the Golden Nugget failed to make "reasonable accommodations" for such known limitations. See *e.g. Patton v. Jacobs Eng'g Grp.,* 874 F.3d 437, 442 (5th Cir. 2017).

As noted by Golden Nugget, Ms. Darnell has failed to identify her disability, therefore she has failed to establish that she is a qualified individual with a disability. "Disability" as used in the ADA means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Whether an impairment is substantially limiting depends on "(1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or

---

[27] Id. p. 7.
[28] Id.

expected permanent or long-term impact." *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 726 (5th Cir. 1995). The Fifth Circuit has rejected claims that an inability to sit or stand or walk for limited periods constitutes a "disability." See *Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610, 614 (5th Cir. 2001).

The Court finds that Ms. Darnell has failed to establish that she is a "qualified individual with a disability" as that phrase is defined under the ADA. Furthermore, the Court notes that soon after Ms. Darnell informed the proper person, the HR representative, she was put on light duty in the retail department. Thus, even if she was a qualified individual with a disability, Ms. Darnell has failed to establish that the Golden Nugget failed to make a "reasonable accommodation." Accordingly, Ms. Darnell's claims under the ADA will be dismissed with prejudice.

*Sexual Harassment*

Golden Nugget moves to have Ms. Darnell's claims of sexual harassment and hostile work environment dismissed because the allegations in the Complaint do not support a *prima facie* case. For Ms. Darnell to withstand Golden Nugget's motion, her Complaint must set forth facts sufficient to satisfy a *prima facie* case of sexual harassment. *McClinton v. Sam's E., Inc.,* 2012 WL 4483492, at *5 (W.D. La. Sept. 28, 2012) citing *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 330 (5th Cir. 2009)). To establish a *prima facie* case, she must show that: (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or

should have known of the harassment and failed to take prompt remedial action. *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806 (5th Cir. 1996).

Golden Nugget argues that Ms. Darnell's allegations do not suggest that the alleged harassment "affected a term, condition, or privilege of employment," nor does she allege that Golden Nugget "knew or should have known of the harassment" such that it failed to take prompt remedial action.

As to the allegations of a hostile and sexually offensive work environment, Ms. Darnell alleges that on August 19, 2017, co-worker Ms. Aaron commented about the size and appearance of Ms. Darnell's butt and suggested that she wanted some of that butt. She also alleges that Ms. Aaron brushed up against her and laughed. On September 29, 2017, Ms. Aaron made comments about Ms. Darnell's body. Ms. Darnell alleges that [m]ost of the time it happened before clocking in."[29] On March 30, 2018, Ms. Darnell alleges that Ms. Aaron commented about her butt. Notably, there are no allegations that Ms. Darnell reported this conduct to her supervisor,[30] any management-level employee, or a representative of the HR department.[31]

To affect "a term, condition, or privilege of employment, 'sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create

---

[29] Rec. 14, p. 2. Plaintiff's First Amended Complaint.
[30] Ms. Darnell indicates in an unauthenticated journal entry that she told her Pit Manager, but does not state that he was the appropriate supervisor to report such incidents. The Court notes that neither the Complaint, nor the Amended Complaint alleges that Ms. Darnell made a report to the appropriate supervisor of her claims of sexual harassment by Ms. Aaron.
[31] Ms. Darnell alleges that she became the target of harassment and bullying by other co-workers that she reported to management. However, a review of the amended complaint indicates that this conduct, although offensive, was not germane to sexual harassment; instead, the comments were made because Ms. Darnell was wearing a leg brace and on light duty.

an abusive working environment.'" *Stewart v. Mississippi Transp. Comm'n,* 586 F.3d 321, 330 (5th Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Whether a work environment is abusive or hostile depends on a totality of the circumstances, including such factors as: (1) the frequency of the conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Malin v. Orleans Par. Communications Dist.,* 718 F. App'x 264, 272 (5th Cir. 2018).

Courts have held that the challenged conduct must be "objectively offensive," meaning a reasonable person would find the conduct hostile or abusive, as well as "subjectively offensive." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999) (citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21-22 (1993)). Golden Nugget argues that the three occasions during a seven-month period fails to meet this standard. Golden Nugget also argues that Ms. Darnell fails to identify what if any, this conduct had on her ability to perform her job at Golden Nugget.

Ms. Darnell failed to report the alleged sexual harassment to the appropriate supervisor and fails to allege that it unreasonably interfered with her work performance. Ms. Darnell alleges three (3) instances that the illicit comments were made. The Fifth Circuit has made clear that because Title VII is not a general workplace civility code, the legal threshold for an abusive work environment is high. *Compare Paul v. Northrop Grumman Ship Sys.,* 309 Fed. Appx. 825 (5th Cir. 2009) (upholding grant of summary judgment for defendant when employee touched plaintiff's breasts, staring in an intimidating manner, placing arms around plaintiff's waist, and rubbed plaintiff's

buttocks), *Gibson v. Potter,* 264 Fed. Appx. 397, 398 (5th Cir. 2008) (upholding grant of summary judgment for defendant when supervisor "grabbed [plaintiff] on the buttocks," engaged in "'sex talk," asked plaintiff for dates, and offered his telephone number.)

In addition to the above-mentioned deficiencies, the Court finds that even though the comments made by Ms. Darnell's co-worker were offensive, we are not persuaded that they reached the level of severity of a legally actionable claim and thus fail to state a plausible claim for sexual harassment and a hostile work environment. See *McClinton v. Sam's e., Inc.,* 2012 WL 4483492, at *6 (W.D. La. Sept. 28, 2012) (plaintiff alleged seven instances of sexual harassment which included body touching, hugging, wrapping her arms around him on more than one occasion, and the accused "dropp[ed] her pants to show her tattoo.") *Id.* at *5. Accordingly, because Ms. Darnell has failed to plead a claim upon which relief can be granted as to the alleged sexual harassment and hostile work environment claims, the motion to dismiss as to these claims will be granted.

## **CONCLUSION**

For the reasons set forth herein, the motion to dismiss will be granted, and Plaintiff's complaint, as amended, will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 13th day of February, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED SATES DISTRICT JUDGE**